**Steven Y. Yurowitz, Esq.**
950 Third Avenue – 32nd Floor
New York, New York 10022
(212) 308-7900

July 29, 2016

**By ECF**
Hon. Dennis Jacobs, Chief Judge
Hon. Amalya L. Kearse
Hon. Ralph K. Winter
United States Court of Appeals
  for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York  10007

      Re:   *United States v. Cole (Delva)*
              No. 15-683-cr

Dear Judges Jacobs, Kearse and Winter:

     The undersigned is counsel to appellant David Delva.  I am writing to bring to the Panel's attention this Court's recent decision in *United States v. Bouchard*, Docket No. 14-4156 (2d Cir. July 7, 2016) (copy attached), decided after oral argument in this case.  In *Bouchard*, after vacating and remanding for resentencing on a remaining conspiracy conviction, *Bouchard* provided "guidance" to the district court were the court to resentence "based on acquitted conduct" and "conduct by a co-conspirator":

> With respect to conduct by a co-conspirator, 'a district court must make *a particularized finding* as to whether the activity was foreseeable to the defendant' and must 'make a particularized finding of the scope of the criminal activity agreed upon by the defendant.'  This is true even in the case of a conspiracy conviction, because 'the scope of conduct for which a defendant can be held accountable under the sentencing guidelines is significantly narrower than the conduct embraced by the law of conspiracy.'

*Bouchard*, Slip Op. 30 at n. 6 (emphasis added; citations omitted)

Hon. Dennis Jacobs, Chief Judge
Hon. Amalya L. Kearse
Hon. Ralph K. Winter
July 29, 2016
Page 2

      At Delva's sentencing, notwithstanding the district court's determination that Delva was not involved in the alleged rape of the female victim since he was not present at the time (A652), the district court nevertheless enhanced Delva's sentence by 6-levels pursuant to USSG §2A4.1(b)(5) because it found that "the victim was sexually exploited" and it was "reasonably foreseeable" to him. As argued by Delva (DB59-62, RB7-8), the district court's conclusion that the alleged rape was "reasonably foreseeable" was not based on particularized findings but rather such generalized findings concerning "other" unspecified "activities that were occurring throughout in the apartment" (A652) and the unspecified "way in which *they* were being treated, *et cetera, et cetera*" (*id.*)(emphasis added), even though the rape occurred when there was only one victim in the apartment. Moreover, the court made no findings at all concerning the scope of the criminal activity agreed to by Delva. As a result, under *Bouchard*, Delva's sentence must be vacated and the case remanded for resentencing so the court can make the particularized findings required by *Bouchard*.

                                                    Respectfully submitted,

                                                   Steven Y. Yurowitz

SYY/hms
Encls.